UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY CHANG,<br>     Plaintiff,<br> v.<br>UNITED STATES DEPARTMENT OF EDUCATION,<br>     Defendant. | CASE NO. C24-00712-KKE<br><br>ORDER ON MOTION FOR COURT-APPOINTED COUNSEL |

Mr. Jerry Chang, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a complaint against the Department of Education ("the Department") alleging it improperly denied his application for relief from repayment of certain funds under 34 C.F.R. § 386.41, and that the Department has improperly engaged in debt collection activities pursuant to that denial. Dkt. No. 4. Mr. Chang filed a motion requesting the Court appoint counsel to represent him in this matter. Dkt. No. 5. For the reasons below, the Court grants the motion in part, and appoints counsel for the limited purpose of assisting Mr. Chang in re-pleading his complaint.

Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and]

ORDER ON MOTION FOR COURT-APPOINTED COUNSEL - 1

the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up). Neither of these considerations is dispositive, and the Court must instead view them together. *Id.*

The Court is not at this time able to assess Mr. Chang's likelihood of success because his complaint does not contain sufficient factual allegations or citation to authority under which the Court could grant the relief he requests. Mr. Chang asks the Court to issue a preliminary injunction to pause garnishment of his Social Security Disability Insurance payments, and for a judgment cancelling his debt and awarding a total of $1.5 million in damages. Dkt. No. 1-1 at 6. While Mr. Chang identifies the statutes he alleges the Department has violated, he does not identify authority that indicates he is entitled to the relief he requests. *See* Dkt. No. 4.

The Court nonetheless finds exceptional circumstances exist. Mr. Chang's ability to articulate his claims *pro se*, and the complexity of the legal issues involved weigh in favor of providing some level of Court-appointed counsel. Mr. Chang indicates that he has "blindness disability." Dkt. No. 1 at 1. Separately, based on the complaint, the Court finds Mr. Chang does not have the ability to clearly articulate his claims at this time. In addition, the legal issues involved are complex relative to Mr. Chang's ability to articulate his claims—e.g., appealing the decision of an administrative agency, and showing entitlement to damages based on government action. Accordingly, the Court finds exceptional circumstances exist that entitle Mr. Chang to some assistance navigating this stage of the legal process.

For these reasons, the Court GRANTS IN PART and DENIES IN PART Mr. Chang's motion. The Court appoints counsel for the limited purpose of assisting Mr. Chang in amending his complaint. Pro bono counsel has the discretion to decide to assist Mr. Chang in additional or alternative ways alongside the complaint drafting process. After Mr. Chang amends his complaint,

he may submit a motion asking the Court to appoint counsel for subsequent proceedings which the Court will evaluate at that time.

The Court DIRECTS the Western District of Washington's Pro Bono Coordinator to identify an attorney(s) or law firm from the Pro Bono Panel to represent Mr. Chang as described above.

Dated this 26th day of June, 2024.

Kymberly K. Evanson
United States District Judge