UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY CHANG,<br>　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES DEPARTMENT OF EDUCATION,<br>　　　　　　　Defendant. | CASE NO. C24-00712-KKE<br><br>ORDER ON MOTION FOR PRELIMINARY INJUNCTION |

Jerry Chang, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this case against the Department of Education ("the Department") alleging it improperly denied his application for relief from repayment of certain funds under 34 C.F.R. § 386.41, and that the Department has improperly engaged in debt collection activities pursuant to that denial. Dkt. No. 4. Mr. Chang now requests this Court issue a preliminary injunction "prohibiting Defendants from engaging in garnishing plaintiff's [Social Security Disability Insurance ("SSDI")] and any collection action until this Court has an opportunity to issue a final judgment on the merits." Dkt. No. 6. Because at this juncture, Mr. Chang has not met the standard for issuance of a preliminary injunction, his motion is denied without prejudice.

Mr. Chang's complaint identifies the statutes that he alleges the Department has violated (Dkt. No. 4 at 3). However, the complaint does not provide factual allegations that are detailed enough for the Court to discern the nature and extent of the harm alleged, or whether the Court is

empowered to grant the relief Mr. Chang requests. *See* Dkt. No. 4. The Court granted Mr. Chang's motion for court-appointed counsel, for the limited purpose of assisting him with re-pleading his complaint on the same day as this order. Dkt. No. 10. For the purposes of the present motion, the Court will reference the complaint as pleaded. Dkt. No. 4.

Mr. Chang's motion for preliminary injunction is one page long and does not contain citations to authority. *See* Dkt. No. 5. In addition, the facts alleged are not supported by any declarations or exhibits. *Id.* Mr. Chang alleges he "met the criteria for RSA scholarship repayment waiver based on his progressive disability, as la[id] out in [34 C.F.R. § 386.41]," and that the Department improperly denied him the requested relief, and also denied his appeal. *Id.* Mr. Chang alleges the Department "demanded entire tuition payment immediately and add[ed a] 35% penalty." *Id.* Mr. Chang further alleges that, beginning in April of this year, the Department garnished his SSDI payments, and "further directed private collection action." *Id.* As a consequence, Mr. Chang alleges he "was served rent pastdue and vacant notice from the landlord and is currently seeking public assistance to avoid homelessness." *Id.*

To prevail on a motion for a preliminary injunction, Mr. Chang must show that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm" absent preliminary relief, (3) the "balance of equities" is in his favor, and (4) the relief sought "is in the public interest." *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) (cleaned up). In the alternative, a court may grant a motion for a preliminary injunction if it finds (1) "serious questions going to the merits," (2) "a balance of hardships that tips sharply toward the plaintiff," (3) "a likelihood of irreparable injury," and (4) "the [requested] injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Based on the state of Mr. Chang's complaint, the Court is not able to ascertain the merits of his claims. As a consequence, the Court is unable to determine whether Mr. Chang is likely to

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 2

succeed on the merits of his claims, or whether serious questions go to the merits of his claims. The motion for preliminary injunction does not provide clarity in this regard. *See* Dkt. No. 5. At this time, Mr. Chang cannot show that he is entitled to a preliminary injunction under either standard. *See Seattle*, 474 F. Supp at 1185; *Cottrell*, 632 F.3d at 1135.

While Mr. Chang has not demonstrated he is entitled to a preliminary injunction, the Court acknowledges the serious harm Mr. Chang alleges. In light of the Court's recent appointment of counsel for the purpose of assisting Mr. Chang with re-pleading his complaint, the motion is DENIED WITHOUT PREJUDICE.

Dated this 26th day of June, 2024.

Kymberly K. Evanson
United States District Judge